IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK13-40963-TLS |
| | ) | |
| MARGARET L. STORJOHANN, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

### ORDER

Hearing was held in Lincoln, Nebraska, on July 24, 2013, on an objection to exemptions filed by creditor ABA Recovery Services, Inc. (Fil. #7) and a resistance filed by Debtor (Fil. #8). Jeremiah J. Luebbe appeared for Debtor and Bert E. Blackwell appeared for ABA Recovery Services, Inc. ("ABA"). Evidence was received and the matter was taken under advisement.

For the reasons stated herein, the objection to exemptions is denied.

This Chapter 7 bankruptcy case was filed on May 20, 2013. During the 90 days prior to bankruptcy filing, ABA garnished the sum of $1,877.99 from Debtor's wages pursuant to a garnishment issued by the Buffalo County Court, Case No. 12-758.

In Schedule C, Debtor claimed an exemption in a "[p]referential garnishment payment to Creditor, ABA Recovery, in CI 12-758" in the amount of $1,877.99. Neither Debtor nor the trustee has commenced an adversary proceeding against ABA to recover an avoidable preference. However, ABA has objected to Debtor's claim of exemption in the garnished funds.[1]

ABA's objection is based on the argument that the pre-petition garnishment was made from Debtor's wages. The applicable statute regarding an exemption in wages is Neb. Rev. Stat. § 25-1558, which allows Debtor to exempt 85% of her wages. Under the garnishment procedures established in Buffalo County, all of the forms and other documentation automatically apply the 85% exemption to the wages and the garnishee (employer) is only required to submit the remaining 15% to the court for payment to the creditor.

Under ABA's theory, the application of the garnishment statute and the use of the forms and procedures by the Buffalo County Court result in an "order" that the remaining 15% paid into the court was not exempt. Therefore, according to ABA, the state court has already "decided" Debtor's right to claim an exemption in her wages and, thus, the garnished funds are not exempt. ABA asserts that under the *Rooker-Feldman* doctrine, the bankruptcy court must respect and follow the decision of the Buffalo County Court.

---

[1]ABA apparently believes that if it can defeat Debtor's exemption in the garnished funds, no one will pursue the recovery of the alleged preferential payment.

ABA's argument is unique, but unpersuasive. Here, Debtor claims an exemption under Neb. Rev. Stat. § 25-1552, which allows an exemption of up to $2,500.00 in personal property, except wages. Wages are excepted from that statute specifically because they are provided for by a different statute, Section 25-1558.

A debtor's right to claim exemptions is determined as of the date of bankruptcy filing. 11 U.S.C. § 522(b)(3)(A); *Peoples' State Bank of Wells v. Stenzel (In re Stenzel)*, 301 F.3d 945, 947 (8th Cir. 2002). Further, in certain situations, the debtor has standing to pursue the avoidance of preferential transfers. If the property would have been exempt and was not voluntarily transferred, and if the trustee does not seek avoidance, the debtor may avoid a preferential transfer for the benefit of the debtor under 11 U.S.C. § 522(g) and (h). *Wade v. Midwest Acceptance Corp. (In re Wade)*, 219 B.R. 815, 819 (B.A.P. 8th Cir. 1998). Section 522(g) permits a debtor to exempt property recovered by the trustee "to the extent that the debtor could have exempted such property . . . if such property had not been transferred[.]" That is the clause at issue here.

If the wages had not been garnished – that is, if the property had not been transferred, the wages would have been paid to Debtor and held in Debtor's bank account (or possibly spent by Debtor). Once those wages are paid to Debtor, they are no longer "wages," but are personal property of Debtor. Otherwise, no debtor would ever be able to exempt cash in their bank account unless they could trace that cash to a source other than wages.

Thus, if the transfer had not occurred, the funds at issue would have been already paid by Debtor's employer and, therefore, no longer wages owed to Debtor. The funds would have been in Debtor's bank account, commingled with other funds and subject to Debtor's right to claim the personal property exemption of Neb. Rev. Stat. § 25-1552.

IT IS, THEREFORE, ORDERED that the objection to exemptions filed by ABA (Fil. #7) is denied.

DATE:  August 2, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Jeremiah J. Luebbe
    *Bert E. Blackwell
    John A. Wolf
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.